UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In Re:

CENTEREACH DEVELOPMENT CORP.

      Debtor

Case No.: 15-70120-ast
Chapter 7

----------------------------------------------------------x
CRAIG GIARDINI AND TRACEY
GIARDINI d/b/a CRAIGS CAR CARE
CENTER,

      Plaintiff

  -against-

Adv. Pro. No.: 15-08013

THE BANKRUPT ESTATE OF
CENTEREACH DEVELOPMENT CORP.,
GULF OIL LIMITED PARTNERSHIP and
CUMBERLAND FARMS, INC.,

      Defendants
----------------------------------------------------------x

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

Craig Giardini ("Craig") and Tracey Giardini ("Tracey") d/b/a Craig's Car Care Center ("Craig's Car Care Center") (Craig, Tracey and Craig's Car Care Center are referred to in the aggregate as the "Tenant"), by and through their attorneys, Zinker & Herzberg, LLP., filed a motion for the issuance of a restraining order prohibiting the immediate closure of the Tenant's automobile repair facility at the real property known as 2033 Middle Country Road, Centereach, New York 11720 (the "Real Property") dated January 26, 2015 (the "Motion"); and Robert L. Pryor, Esq., (the "Trustee"), the interim Chapter 7 trustee of the Estate (the "Estate") of Centereach Development Corp. (the "Debtor"), by and through his attorneys, Pryor & Mandelup, LLP filed the Response to Order to Show Cause dated January 29, 2015 (the "Trustee Response") and Cumberland Farms, Inc. and its subsidiary, Gulf Oil Limited Partnership

(together referred to in the aggregate as "Gulf"), by their attorneys, McCusker, Anselmi, Rosen & Carvelli, P.C. filed the Objection to Motion in Support of Restraining Order dated January 29, 2015 (the "Objection"); and a hearing having been held before the Court on the Motion, the Response and the Objection on January 30, 2015 and appearing at the hearing were: (a) Zinker & Herzberg, LLP, by Jeffrey Herzberg, Esq. on behalf of the Tenant in support of the Motion; (b) Pryor & Mandelup, LLP, by Anthony F. Giuliano, Esq. on behalf of the Trustee having a limited objection to the Motion; and (c) McCusker, Anselmi, Rosen & Carvelli, PC, by Bruce S. Rosen, Esq. on behalf of Gulf in opposition to the Motion; and after hearing the matter and after due consideration of the Motion, the Trustee's Response and the Objection and the arguments made at the hearing, due deliberation having been had and sufficient cause appearing to me therefore, it is hereby

**ORDERED**, that the Motion is and shall be granted upon the terms and provisions set forth herein; and it is further

**ORDERED**, that, pending further order of this Court: (1) neither the Trustee nor Gulf shall have the right to terminate the Tenant's sub-lease with the Debtor, evict the Tenant from the Real Property and/or commence an action or proceeding seeking to evict the Tenant from the Real Property; (2) Tenant shall make any further payments due and owing under the sub-lease to Robert L. Pryor, Esq., the Chapter 7 Trustee of the Estate of Centereach Development Corp., 675 Old Country Road, Westbury, New York 11590, however, the Tenant may deduct any amounts it actually pays for electric, water and garbage disposal services, and shall provide the Trustee with copies of all paid invoices; (3) Tenant shall seek to arrange to have the electric, water and garbage disposal services relating to the Real Property placed in Tenant's name; and, for the avoidance of doubt, any deposits required by any utility provider shall be for the benefit of

Tenant and not deducted from the rent payable under the sub-lease; (4) Tenant shall maintain the Real Property, inclusive of snow plowing, keep it free of rubbage and unnecessary debris, and keep the lights on at the convenience store facility that was formerly located at the Real Property; (5) Gulf shall have the right to secure or otherwise board up the premises, specifically, the gas pumps and the convenience store facilities that were formerly located at the Property but may only do so in a way so as not to hinder, delay or impede access to the Tenant's property by Tenant or its customers and its customers' property; and it is further

**ORDERED**, that the Tenant shall name the Trustee and Gulf as loss payee(s) on any and all insurance policies that it maintains pertaining to its tenancy at the Real Property in lieu of the Debtor; and it is further

**ORDERED**, that neither the Trustee nor Gulf shall have the right to otherwise interfere with and/or disrupt the Tenant's right to conduct its business at the Real Property; and it is further

**ORDERED**, the Court shall hold a further hearing on this matter on **February 25, 2015 at 10:00 a.m.**



**Dated: February 18, 2015**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**