UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

CENTEREACH DEVELOPMENT CORP.

                                  Debtor.
-------------------------------------------------------------x
CRAIG GIARDINI AND TRACEY GIARDINI
d/b/a CRAIG'S CAR CARE CENTER,

              Plaintiff

       -against-

THE BANKRUPT ESTATE OF
CENTEREACH DEVELOPMENT CORP.,
GULF OIL LIMITED PARTNERSHIP and
CUMBERLAND FARMS, INC.

             Defendants
-------------------------------------------------------------x

Case No.: 15-70120-ast
Chapter 7

Adv. Pro. No.: 15-8013-ast

## ORDER GRANTING PRELIMINARY INJUNCTION

Craig Giardini ("Craig") and Tracey Giardini ("Tracey") d/b/a Craig's Car Care Center

("Craig's Car Care Center") (Craig, Tracey and Craig's Care Center are referred to in the

aggregate as the "Tenant"), by and through their attorneys, Zinker & Herzberg, LLP, filed a

motion for the issuance of a restraining order prohibiting the immediate closure of the Tenant's

automobile repair facility at the real property known as 2033 Middle County Road, Centereach,

New York 11720 (the "Real Property") dated January 26, 2015 (the "Motion"); and Robert L.

Pryor, Esq., (the "Trustee"), the interim Chapter 7 trustee of the Estate (the "Estate") of

Centereach Development Corp (the "Debtor"), by and through his attorneys, Pryor & Mandelup,

LLP filed the Response to Order to Show Cause dated January 29, 2015 (the "Trustee

Response") and Cumberland Farms, Inc. and its subsidiary, Gulf Oil Limited Partnership

(together referred to in the aggregate as "Gulf"), by their attorneys, McCusker, Anselmi, Rosen

& Carvelli, P.C. filed the Objection to Motion in Support of Restraining Order dated January 29,

2015 (the "Objection"); and the Court having issued the Order Granting Temporary Restraining

Order dated February 18, 2015; and the hearing pertaining to the issuance of the preliminary

injunction came on to be heard on February 25, 2015 and appearing at the hearing were:

(a) Zinker & Herzberg, LLP, by Jeffrey Herzberg, Esq., on behalf of the Tenant in support of the

Motion; (b) Pryor & Mandelup, LLP by Anthony F. Giuliano, Esq. on behalf of the Trustee; and

(c) McCusker, Anselmi, Rosen & Carvelli, P.C. by Bruce Rosen, Esq. on behalf of Gulf; and

after hearing the matter and the arguments made in the Motion and at the oral argument; and due

deliberation having been had and sufficient cause appearing to me therefore, it is hereby

     **ORDERED**, that the Motion is and shall be granted and a preliminary injunction is and

shall be issued, upon the terms and provisions set forth herein; and it is further

     **ORDERED**, that pending further order of this Court: (1) neither the Trustee nor Gulf

shall have the right to terminate the Tenant's sub-lease with the Debtor, evict the Tenant from

the Real Property and/or commence an action or proceeding seeking to evict the Tenant from the

Real Property; (2) Tenant shall make any and all further payments due and owing (since

February 1, 2015) to Robert L. Pryor, Esq., the Chapter 7 Trustee of the Estate of Centereach

Development Corp., 675 Old Country Road, Westbury, New York 11590, however, the Tenant

may deduct any amounts it actually pays for electric, heat, water, snow plowing and garbage

disposal services, and shall provide the Trustee with copies of all paid invoices; (3) Tenant shall

have the electric, oil service, water and garbage disposal services relating to the Real Property

placed in the Tenant's name; and for the avoidance of doubt, any deposits required by any utility

provider shall be for the benefit of Tenant and not deducted from the rent payable under the sub-

lease; (4) Tenant shall maintain the Real Property, inclusive of snow plowing, keep it free of

rubbage and unnecessary debris, and keep the lights on at the convenience store facility that was formerly located at the Real Property; (5) Tenant shall cause the exterior lights at the Real Property to be on from dawn to dusk each business day; (6) Gulf shall have the right to secure or otherwise board up the premises, specifically, the gas pumps and the convenience store facilities that were formerly located at the Real Property but may only do so in a way so as not to hinder, delay or impede access to the Tenant's property by Tenant or its customers and its customers' property; and it is further

**ORDERED**, that the Tenant shall name the Trustee and Gulf as loss payee(s) on any and all insurance policies that it maintains pertaining to its tenancy at the Real Property in lieu of the Debtor; and it is further

**ORDERED**, that neither the Trustee nor Gulf shall have the right to otherwise interfere with and/or disrupt the Tenant's right to conduct its business at the Real Property; and it is further

**ORDERED**, the Court shall hold a further hearing on this matter on **June 3, 2015 at 10:00 a.m.**



Dated: March 5, 2015
      Central Islip, New York

_____
                              **Alan S. Trust**
                **United States Bankruptcy Judge**